IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAQUITA COOPER**                                                                                         **PLAINTIFF**

v.                                      **Case No. 4:25-cv-00053 KGB**

**UNUM LIFE INSURANCE**
**COMPANY OF AMERICA**                                                                        **DEFENDANT**

## ORDER

Before the Court is plaintiff Laquita Cooper's motion to compel and motion for reinstatement of benefits and motion to lift the stay and for a decision on the administrative record (Dkt. Nos. 29; 32). Defendant Unum Life Insurance Company of America ("Unum") responded in opposition to the motion to compel and for reinstatement of benefits and requests that the Court set an ERISA briefing schedule (Dkt. No. 30). Unum filed a motion for judgment on the administrative record and submitted a brief in support of that motion and a response to Cooper's motion to lift the stay and for a decision on the administrative record (Dkt. Nos. 33; 34).

For the following reasons, the Court denies Cooper's motion to compel (Dkt. No. 29). To the extent the Court's June 27, 2025, stay remains active, the Court grants, in part, Cooper's motion to lift the stay and lifts any remaining stay (Dkt. No. 32). The Court holds Cooper's motion for a decision on the administrative record and Unum's motion for judgment on the administrative record under advisement (Dkt. Nos. 32; 33). The Court directs Cooper to file, within 30 days of the entry of this Order, a brief in support of her motion for a decision on the administrative record or a response to Unum's pending motion for judgment on the record.

I.      **Motion To Compel**

Cooper's motion to compel and for reinstatement of benefits requests that the Court compel Dr. Allen Hatch, Cooper's treating cardiologist, to produce medical records (Dkt. No. 29, at 1). The Court denies Cooper's motion to compel (*Id.*).

Cooper's claim is brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). As the Court explained in its April 16, 2025, Order, in an ERISA case, the Court's review is limited to a review of the record made before the administrator of the plan. *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). Cooper provides no reason why discovery in this case, a case which will be determined upon an administrative record, is necessary. Accordingly, the Court denies Cooper's motion to compel Dr. Hatch to produce medical records to supplement that administrative record in the case (Dkt. No. 29).

II.     **Motion To Lift Stay**

Cooper requests that the Court "lift the existing stay" in this case and proceed (Dkt. No. 32). The Court's June 27, 2025, Order entered a stay in the case for 30 days to permit Cooper time to inform the Court on how she wishes to proceed in this litigation (Dkt. No. 26). On July 10, 2025, Cooper responded and represents that she wishes to proceed *pro se* (Dkt. No. 27).

To the extent the 30-day stay issued by the Court's June 27, 2025, Order is still active, the Court grants, in part, Cooper's motion (Dkt. No. 32). The Court lifts any active stay in this case.

III.    **Motion For Decision And Judgment On The Administrative Record**

On January 5, 2026, Cooper filed a motion to lift stay and for decision on the administrative record (Dkt. No. 32). On January 20, 2026, Unum filed a motion for judgment on the administrative record and a response to Cooper's motion for a decision on the administrative

2

record (Dkt. Nos. 33; 34). The Court holds Cooper's motion for a decision on the administrative record and Unum's motion for judgment on the administrative record under advisement (Dkt. Nos. 32; 33).

In Unum's brief in support of its motion, Unum argues that Cooper's motion for a decision on the administrative record seeks a decision on the merits (Dkt. No. 34, at 16–17). Unum notes that Cooper does not cite the administrative record or make argument for her entitlement to benefits (*Id.*). Given that the Court had not issued an amended ERISA scheduling Order at the time the pending motions were filed, the Court finds that it would benefit from full briefing on the issues. Accordingly, the Court directs Cooper to file, within 30 days of the entry of this Order, a brief in support of her motion for a decision on the administrative record or a response to Unum's pending motion for judgment on the record (Dkt. No. 33).

### IV.   Conclusion

For the foregoing reasons, the Court denies Cooper's motion to compel (Dkt. No. 29). To the extent the Court's June 27, 2025, stay remains active, the Court grants, in part, Cooper's motion to lift the stay and lifts any remaining stay (Dkt. No. 32). The Court holds under advisement Cooper's pending motion for a decision on the administrative record and Unum's pending motion for judgment on the administrative record (Dkt. Nos. 32; 33). The Court directs Cooper to file, within 30 days of the entry of this Order, a brief in support of her motion for a decision on the administrative record or a response to Unum's pending motion for judgment on the record.

It is so ordered this 28th day of January, 2026.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge